UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTINEZ MARTY KELLEY,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>UNITED STATES BORDER PATROL,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-CV-2311 JLA (AGS)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND (2) DISMISSING WITHOUT PREJUDICE COMPLAINT**<br><br>(ECF No. 4) |

Presently before the Court is Plaintiff Martinez Marty Kelley's Motion to Proceed *In Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 2.) Plaintiff, proceeding *pro se*, has filed a complaint alleging "violation of [his] United States constitutional rights, in breach of duty and negligence." Compl., ECF No. 1 at 2 (emphasis omitted).

**IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of

fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has submitted an affidavit indicating his total monthly income is $1,050 received through Social Security, he is currently unemployed, and he has no assets other than a 2004 Nissan Altima. IFP Mot. 2–4. Plaintiff's monthly expenses are $1,075. *Id.* at 3. The Court concludes that Plaintiff's application demonstrates he is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 4).

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(E)(2) & 1915A(B)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a

complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

The Court reproduces Plaintiff's Complaint in its entirety below:

> My son Marques Lee Kelley[] was arrested in my car, due to the fact the Border Patrol in negligence and breach of duty arrested him with no evidence of him smuggling any[]one. (1)[]No illegal aliens and (2)[]no attempt seen of him picking up any illegal aliens. The interr[o]gat[ion] of him was done outside of my presence and outside the presence of counsel. They then took my car and beg[a]n to send me threatening letters. It was a total night[]mare for me for months in violation of my United States constitutional rights, in breach of duty and negligence, due to the constant har[]assments of the Border Patrol. I filed petitions, claims and grievances to the Justice Department, but the United States of America and the Justice Department failed to remedy and/or stop the misery I was going through.

Compl., ECF No. 1, at 2 (emphasis omitted).

Although far from clear, it appears from Plaintiff's Complaint that he asserts claims for negligence and violation of his constitutional rights. *See id.* It is unclear when or where the alleged seizure or harassment occurred, and Plaintiff does not provide specific facts to support his claims for relief. Without further factual allegations, the Court cannot assess whether Plaintiff adequately pleads plausible claims for relief. The Court therefore finds that Plaintiff has failed to state a claim for relief, as required by 28 U.S.C. § 1915(e)(2), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

## CONCLUSION

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Motion pursuant to 28 U.S.C. § 1915(a) (ECF No. 4) is **GRANTED**; and

2. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. Plaintiff **MAY FILE** an amended complaint <u>on or before thirty (30) days from the date on which this Order is electronically docketed</u>. *Should Plaintiff fail to file an amended complaint within the time provided, the Court may enter a final order dismissing this civil action for failure to prosecute.*

**IT IS SO ORDERED.**

Dated: November 6, 2018

Hon. Janis L. Sammartino
United States District Judge